IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DANIEL L. CLARK,

          Plaintiff,

    v.

FRANK KENDALL, SECRETARY OF THE
AIR FORCE,

          Defendant.

No. 1:23-cv-01287 (MSN/IDD)

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on cross-motions for summary judgment filed by Plaintiff Daniel L. Clark (ECF 13) and Defendant Frank Kendall, Secretary of the Air Force (ECF 17). Plaintiff alleges that the decision of the Air Force Board for Correction of Military Records ("AFBCMR") to maintain Plaintiff's May 2017 Enlisted Performance Report ("EPR") in his personnel file violated the Administrative Procedure Act ("APA") by arbitrarily and capriciously denying his request to reconsider in light of the additional evidence he submitted from Major ("Maj.") Matthew Piper. Upon consideration of the pleadings and for the reasons set forth below, the Court will **DENY** Plaintiff's Motion for Summary Judgment (ECF 13) and **GRANT** Defendant's Motion for Summary Judgment (ECF 17).

    **I.**      **BACKGROUND[1]**

### A. Investigation by Air Force Security Forces & Enlisted Performance Report

Daniel L. Clark is a retired Air Force Technical Sergeant. ECF 1 ("Compl.") ¶ 3. On September 12, 2016, the Air Force Security Forces completed an investigation into allegations that Clark had

---

[1] The following facts are undisputed unless otherwise indicated.

1

engaged in an unprofessional relationship with a trainee. ECF 14 ("Pl.'s Mem. Supp. Mot. Summ. J.") ¶ 1. On September 29, 2016, Clark received a Letter of Reprimand ("LOR") for the then-substantiated finding of an unprofessional relationship. *Id*. ¶ 2. As a result of the LOR, Clark's Special Duty Catalog was decertified, and his campaign hat, a symbol of authority and professionalism, was permanently withdrawn. *Id*. On October 26, 2016, a Command Directed Investigation ("CDI") was subsequently conducted as a follow-on investigation to the Air Force Security Forces' investigation, and the findings against Clark were upheld. *Id*. ¶ 3.

On December 7, 2016, Clark submitted a second formal complaint under Article 138 of the Uniform Code of Military Justice ("UCMJ") to the 2nd Air Force Commanding General. *Id*. ¶ 4. This complaint resulted in a second CDI investigation of the allegations. *Id*. During the same month, Clark's supervisors signed his Enlisted Performance Report ("EPR") for the period between December 1, 2015, and November 30, 2016. *Id*. ¶ 5. The second CDI was completed on March 6, 2017. *Id*. ¶ 6. The result of this investigation was that "the previously substantiated allegations of an unprofessional relationship were *unsubstantiated*." *Id*. (emphasis in the original). Following this second CDI, Clark's September 2016 LOR was rescinded and a Letter of Counseling ("LOC")[2] dated April 5, 2017, was issued and replaced it. *Id*. ¶ 7. The original EPR was rescinded as well. *Id*. ¶ 8. In its place, a new EPR was signed in May 2017. *Id*. In this EPR, Master Sergeant ("MSgt") Roberts; Captain Piper;[3] and Lieutenant Colonel Mariam rated Clark as having "met all expectations"[4] and recommended him for a promotion. ECF 9-12 ("AR")[5] at 475-76.

---

[2] A Letter of Counseling is similar to a Letter of Reprimand, but is less severe. Pl. Mem. Supp. Summ. J. ¶ 7 n.2.
[3] It is assumed that Captain Matthew Piper was promoted to Major as he is referred by both titles in the pleadings depending on the time period discussed.
[4] On the EPR, the rating options were as follows: (1) "not rated;" (2) "met some but not all expectations;" (3) "met all expectations," "exceeded some, but not all expectations," and "exceed most, if not all expectations." AR at 475-76.
[5] Given the size of the Administrative Record (662 pages), Defendant filed four separate notices dividing it (ECF 9-12).

**B. AFBCMR's Refusal to Remove EPR from Clark's File**

In May 2020, Clark initially requested that the EPR for the period between December 2015 to November 2016 be declared void and removed from his records; and that he be reconsidered for a promotion for the 17E7, 18E7, and 19E7 cycles. Pl.'s Mem. Supp. Summ. J. ¶ 9. In December 2020, the Board for Correction of Military Records ("BCMR") denied Clark the relief he sought. *Id.* ¶ 10. In doing so, the Board cited to Department of the Air Force Instruction ("DAFI") 36-2406, *Officer and Enlisted Evaluation System*, and specifically to paragraph 10.2.1.3. *Id.* at 9. This provision states that "[e]valuations that have become a matter of record are presumed to be accurate and objective" and that those "filing an appeal must provide evidence that clearly demonstrate an error or injustice was made." *Id.* The AFI further states that "[t]he simple willingness by evaluators to upgrade, rewrite, or void an evaluation is not a valid basis for doing so." AR 478.

In August 2021, Clark requested reconsideration of this decision and reiterated his requests that his "EPR[,] which is a matter of record for 30 Nov 2016 be replaced with an AF Form 77[6]" and that he "be reboarded for the affected years. Specifically 17E7, 18E7 [and] 19E7 . . ." AR 494. In support of his request for reconsideration and repeated requests, Clark submitted a letter dated April 13, 2021, from Maj. Matthew Piper, who was his former flight commander and served as an additional rater in Clark's EPR. Pl.'s Mem. Supp. Summ. J. ¶ 11. In his memorandum, Maj. Piper alleges to have never been "ordered to mark TSgt Clark's EPR in any specific way . . ." but "did feel that there was professional pressure to ensure that the revised EPR would not set [Clark] up to be competitive for promotion soon." AR 497. The Board reviewed Maj. Piper's letter but "remain[ed] unconvinced the evidence presented demonstrated an error or injustice." AR 516. The

---

[6] AF Form 77 is a Letter of Evaluation.

Board was again guided by the DAFI 36-2406 and cited paragraph A2.5.3, which provides that retrospective views of facts and circumstances, months or even years after an evaluation was issued, will usually not overcome the Board's presumption that the initial assessment was valid. *Id*.

The AFBCMR denied Clark's request for reconsideration in a decision dated August 7, 2023, which was considered a final agency decision. Pl.'s Mem. Supp. Summ. J. ¶ 13. The AFBCMR did not find Maj. Piper's memorandum persuasive and stated that it was an after-the-fact consideration. *Id*. ¶ 14.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 156 (4th Cir. 2010). Generally, to survive a Rule 56 motion for summary judgment, a party must go beyond the pleadings and cite to its own affidavits, depositions, answers to interrogatories, and/or admissions on file to show that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "However, '(i)n a case involving review of a final agency action under the (APA) . . . the standard set forth in Rule 56(c) does not apply because of the limited role of a court reviewing that administrative record.'" *Thompson v. United States*, 119 F. Supp. 3d 462, 467 (E.D. Va. 2015) (quoting *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89 (D.D.C. 2006)).

The "AFBCMR is an administrative board established within the Department of the Air Force pursuant to 10 U.S.C. § 1552(a)." *Remy v. Air Force Bd. for Correction of Mil. Recs.*, 701 F. Supp. 1261, 1263 (E.D. Va. 1988). "Decisions of the AFBCMR are final agency actions subject to judicial review under the Administrative Procedure Act." *Hoffler v. Mattis*, 677 F. App'x 119,

120 (4th Cir. 2017) (citing *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)). "The Board Decisions can only be set aside by this court if they are arbitrary, capricious, not based on substantial evidence, or not in accordance with law." *Id*. (citing *Chappell*, 462 U.S. at 303). "In determining whether agency action was arbitrary or capricious, the court must consider whether the agency considered the relevant factors and whether a clear error of judgment was made." *Id*. (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009)).

In reviewing an agency under the APA, a court cannot "substitute its judgment for that of the agency." *Ocasio-Dorado v. Wormuth*, 2024 WL 712533, at *2 (E.D. Va. Feb. 21, 2024). Nevertheless, the court must perform the "important task of reviewing agency action to determine whether the agency conformed with controlling statutes, and whether the agency has committed a clear error of judgment." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (cleaned up). However, an agency decision will generally be upheld if "the agency has examined the relevant data and provided an explanation of its decision that includes 'a rational connection between the facts found and the choice made.'" *Ohio Valley Envtl Coal.*, 556 F.3d at 192 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

The agency's explanation "need not be a 'model of analytic precision.'" *Downey v. U.S. Dep't of the Army*, 685 F. App'x 184, 190 (4th Cir. 2017) (quoting *Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 350 (4th Cir. 2001)). Rather, the reviewing court "must 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Id.* (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)). A decision will be upheld if it is supported by "substantial evidence" or "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Platone v. U.S. Dep't of Labor*, 548 F.3d 322, 326 (4th Cir. 2008) (cleaned up).

Challenges to decisions made by military correction boards such as the AFBCMR are subject to an "unusually deferential application of the arbitrary or capricious standard of the APA." *Downey v. U.S. Dep't of the Army*, 110 F. Supp. 3d 676, 686 (E.D. Va. 2015), *aff'd sub nom. Downey v. United States Dep't of the Army*, 685 F. App'x 184 (4th Cir. 2017). A "plaintiff has the burden of showing by cogent and clearly convincing evidence that the military decision was the product of a material legal error or injustice." *Heuss v. Toro*, 2022 WL 598055, at *3 (E.D. Va. Feb. 28, 2022) (citing *Roetenberg v. Sec'y of Air Force*, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999). Only the "most egregious" decisions may be set aside under this "heightened deferential standard." *Bowersox v. Whitley*, 2021 WL 1439673, at *3 (E.D. Va. Mar. 15, 2021) (quoting *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1515 (D.C. Cir. 1989)).

### III.   ANALYSIS

### A.  Defendant Did Not Violate the APA as to AFBCMR's Decision to Deny Relief

The Air Force's procedures for correction of military records are governed by 32 C.F.R. § 865.0, and at the time of the decision at issue in 2020, also by the DAFI 36-2603, Air Force Board for Correction of Military Records.[7] An individual seeking correction of their military records starts the process by filing an application with the AFBCMR and may submit a brief in support of their applications explaining the "error or injustice" and "specific correction to the military records to remedy the alleged error or injustice." DAFI 36-2603 ¶¶ 3.4.4; 3.8. Furthermore, the "applicant has the burden of providing sufficient evidence of material error or injustice," and the AFBCMR may "recommend relief only when a preponderance (more likely than not) of the evidence substantiates that the applicant was a victim of an error or injustice." *Id*. ¶ 4.1. A panel consisting of at least three board members then "considers each application." *Id*. ¶ 4.4. Applicants "shall be

---

[7] This version has since been superseded by Department of the Air Force Instruction 36-2603 (Oct. 4, 2022), available at: https://static.e-publishing.af.mil/production/1/saf_mr/publication/dafi36-2603/dafi36-2603.pdf.

given the opportunity to review and comment" on the Board's opinion. *Id*. ¶ 4.3. Once an AFBCMR decision is rendered, a "request for reconsideration will be screened to determine whether or not it contains new materials." *Id*. ¶ 6.1.

Additionally, Chapter 10 of the DAFI 36-2406, *Officer and Enlisted Evaluations Systems*, sets forth the procedures regarding how members of the Air Force can seek corrections to their EPRs. When corrections are sought, there are a few principles to note. First, "[e]valuations that have become matter of record are presumed to be accurate and objective." DAFI 36-2406 § 10.2.1.3. Second, a "simple willingness by evaluators to upgrade, rewrite, or void an evaluation is not a valid basis for doing so." *Id*. at Att. 2 § A.2.5.1. Third, a corollary to this principle is that "[r]etrospective views of facts and circumstances, months or even years after the evaluation was written, will usually not overcome the [AFBCMR]'s presumption that the initial assessment remains valid." *Id*. at Att. 2 § A.2.5.3. Lastly, the AFBCMR "seriously and carefully evaluates any allegation of coercion by superiors." *Id*. at Att. 2 § A.2.5.6. Notably, the allegations "must identify the person who did the coercing, list the specific threats that were made, and identify any witnesses who can corroborate the incident." *Id*.

Clark claims that the AFBCMR "failed to properly and accurately assess the substance of the additional evidence provided by [him] in the request for consideration," which resulted in "an abuse of discretion and does not reflect 'reasoned-decision-making' as required by law." Pl.'s Mem. Supp. Summ. J. at 9. His claim boils down to Maj. Piper's letter from April 13, 2021, which Clark describes as the "central focus of the appeal and the error." *Id*. Affording the AFBCMR an unusually deferential standard of review, the Court affirms its decision.

It is undisputed that the AFBCMR's written decision from August 2023 contained a brief section titled "Findings and Conclusion" in which the Board stated the following:

> The Board recognizes the new evidence provided by the applicant in the form of a memorandum dated 13 Apr 21 from his additional rater, who now supports the removal of the EPR in its entirety and indicates that the passage of time has given him a different perspective. However, in accordance with, DAFI 36-2406, *Officer and Enlisted Evaluation System*, paragraph A2.5.3. "Retrospective views of facts and circumstances, months or even years after the evaluation was written, will usually not overcome the board's presumption that the initial assessment remains valid.' Furthermore, paragraph 10.2.1.3. states that 'evaluations that have become a matter of record are presumed to be accurate and objective." As such, the Board finds that a letter being submitted by his flight commander nearly five years after the close out of the evaluation is not sufficient evidence to support removal of the EPR, especially after the EPR has already been substituted with a rewritten EPR to change the ratings and the content based on the outcome of the Applicant's Article 138, *Request for Redress*. In this regard, the Board continues to note that while the applicant's Article 138 Redress Outcome led to the removal of a Letter of Reprimand (LOR) and the substitute EPR, the applicant still received a Letter of Counseling (LOC) from his squadron commander for the events that occurred during the rating period. Based on this LOC and the lack of documentation from the applicant's former squadron commander supporting removal of the LOC or the EPR, the Board finds the preponderance of the evidence is not sufficient to overturn the Board's previous decision. Moreover, the Board continues to concur with AFPC/DP2SSP, that removing the applicant's EPR would not alter his points for promotion consideration and would subsequently not affect his current standing in the Weighted Airman Promotion System (WAPS) for the 17E7, 18E7, and 19E7 promotion cycles. As such, no new evidence has been provided by the applicant to support reconsideration for any of these cycles. Therefore, the Board continues to recommend against correcting the applicant's records.

AR 516.

While Clark takes issues with the adequacy of the AFBCMR's explanation, claiming that the opinion demonstrates that the Board did not engage in reasoned decision-making in denying his request for reconsideration, the Court finds that the AFBCMR did all that the law requires it to do in issuing its decision.

The circumstances here are analogous to those in *Downey*, where the Fourth Circuit affirmed the district court's decision to grant the defendant's motion for summary judgment, finding that the Army Board for Correction of Military Records' ("ABCMR") decision to deny the plaintiff's request to remove a record from his personnel file was not arbitrary or capricious. The Court

reasoned that because the ABCMR had summarized the plaintiff's arguments and the evidence he provided, and restated key factual findings contained in the military record, the ABCMR had adequately considered the plaintiff's claims. *Downey*, 685 F. App'x at 190-91. The Fourth Circuit in *Downey* concluded that although the ABCMR's opinion "could have explained its reasons for rejecting [the plaintiff's] claims in more detail and its decision may [have] lack[ed] ideal clarity, the Board's opinion nevertheless demonstrate[d] a rational connection between its factual findings and its conclusion." *Id*. at 191.

Here, just as in *Downey*, the AFBCMR's opinion lays out the three exhibits[8] by name, along with Clark's request for reconsideration, that the reviewing panel considered in reaching its decision. AR 517. The reviewing panel also points to the specific Air Force guidance, DAFI 36-2406, to support its reasoning. AR 516. The opinion summarizes Clark's arguments in support of his request, restates the factual findings in Clark's record, and reaches the conclusion that "the evidence did not demonstrate material error or injustice." AR 517. From the Board's opinion, it is evident that in denying Clark's request for reconsideration, the AFBCMR considered his arguments, the new evidence he presented in the form of a letter from his former flight commander, as well as relevant evidence from his personnel records. Yet, Clark argues that the AFBCMR "failed to appropriately review and analyze" the additional evidence proffered by him. Pl.'s Mem. Supp. Summ. J. at 2. However, "when an agency's explanation of its decision is 'fairly comprehensive' and demonstrates adequate consideration of relevant factors, 'nothing more is required' of it." *Ocasio-Dorado*, 2024 WL 712533, at *6 (quoting *Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 351 (4th Cir. 2001)). Accordingly, the AFBCMR provided an adequate

---

[8] "The panel considered the following: Exhibit H: Record of Proceedings w/ Exhibits A-G, dated 30 December 2020; Exhibit I: Application, DD Form 149, w/atchs, dated 3 August 2021; Exhibit J: Documentary evidence, including relevant excerpts from official records." Admin. Record at 517.

explanation of its decision to deny Clark's request for reconsideration, and this explanation is not arbitrary or capricious.

According to Clark, the AFBCMR "failed to address the issue of undue coercion or the propriety of th[e] 'professional pressure' that Maj. Piper finally has come to admit" and that "[r]echaracterizing Maj Piper's statement as a retrospective view ignores the issue and fails to address the articulated concern." Pl.'s Mem. Supp. Summ. J. at 10. But the AFBCMR clearly explains that "in accordance with, DAFI[9] 36-2406, Officer and Enlisted Evaluation System, paragraph A2.5.3 '[r]etrospective views of facts and circumstances, months or even years after the evaluation was written, will usually not overcome the board's presumption that the initial assessment remains valid.'" AR 516. Maj. Piper's letter, which was written four years after Clark's May 2017 EPR, offers precisely that: a retrospective view of Clark's performance. It does not overcome the presumption that the issued EPR was accurate and objective. Furthermore, the AFBCMR was permitted to presume that the May 2017 EPR remained valid notwithstanding Maj. Piper's concession that he felt that "there was professional pressure" to ensure that Clark would not be set up for a promotion. *Id*. at 497. This presumption is bolstered by the fact that Maj. Piper admits that he "was never ordered to mark TSgt Clark's EPR in any specific way . . ." and that he "cannot be sure of MSgt Roberts's thoughts[.]" *Id*. Notably, MSgt Roberts was the other rater on Clark's EPR. *Id*.

As explained, A2.5.6 of the DAFI 36-2406 instructs that allegations of coercion by supervisors "must identify the person who did the coercing, list the specific threats that were made, and identify any witnesses who can corroborate the incident." DAFI 36-2406 at 348. None of these elements are present in Maj. Piper's letter offered by Clark, which is central to his appeal. Clark

---

[9] DAFI stands for Department of the Air Force Instruction.

argues that this provision of the DAFI simply provides "guidance for applicants attempting to appeal an evaluation" and "is not the law[.]" ECF 20 ("Pl.'s Opp. to Def's Mot. Summ. J.") at 3. Absent "cogent and clearly convincing evidence" that demonstrates that the AFBCMR's decision to maintain Clark's EPR in place and reconsider his request for promotions "was the product of a material legal error or injustice," *Heuss,* 2022 WL 598055, at *3, however, the Court cannot "substitute its judgment for that of the [AFBCMR]." *Ocasio-Dorado*, 2024 WL 712533, at *2.

The AFBCMR adequately explained its decision to deny Clark's request for consideration when, in its written decision, the Board (1) listed the evidence Clark submitted with his request, (2) accurately summarized Clark's arguments in support of his request, and (3) detailed key factual findings in Clark's record before reaching the decision to vote against correcting his record. It was not an egregious decision. For these reasons, the Court will affirm the AFBCMR's decision. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (ECF 13) is **DENIED**; it is further

**ORDERED** that Defendant's Motion for Summary Judgment (ECF 17) is **GRANTED**; and it is further

**ORDERED** that judgment be and is entered in favor of Defendant.

The Clerk is directed to enter judgment in favor of Defendant under Rule 58 and to close this civil action.

It is **SO ORDERED**.

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
July 3, 2024